Taft, J.,
concurring. What is meant by the words “the reserve * * * on the policy” is clarified by the subsequent words of the provision required by sub-paragraph (7) of Section 9420, General Code, relative to ‘ ‘ specifying the mortality table and rate of interest adopted for computing such reserve.” It is possible to compute mathematically the amount of a reserve with respect to the life insurance feature of such a policy by using a mortality tabie and a rate of interest and other factors necessarily specified in the policy, such .as the amount payable on death and the amounts of and times for payment of premiums. While such a mortality table and a rate of interest may be factors usable in determining the amounts of reserves with respect to the double-indemnity and disability benefits features of such a policy, they would not be sufficient to enable computation of such latter reserves, without other additional factors not specified in the policy. It is apparent therefore that the General Assembly, in the words which it used in subparagraph (7) of Section 9420, General Code, did not have such latter reserves in mind.
Furthermore, Section 9420, General Code, by its *172 terms applies only to a “policy of life insurance. ” The policy involved in the instant case is a policy of life insurance, but, to the extent that it provides for double-indemnity and disability benefits, it is more than a policy of life insurance. The provisions of that statute purport to regulate its provisions only to the extent that it is a policy of life insurance. The reserves on the policy in the instant case relate to the policy as a policy of life insurance only to the extent that they are reserves required or maintained with respect to the life insurance feature of the policy.
The policy in the instant case may constitute “one integral contract” as held in Chastang v. Mutual Life Ins. Co., 147 Ohio St., 341, 71 N. E. (2d), 270, and still be more than a policy of life insurance.